# GAINES *v.* CARLTON IMPORTATION COMPANY.

---

TRADEMARKS, OPPOSITION TO REGISTRATION OF; CONSTITUTIONAL LAW.

1. A trademark for whisky, consisting of the words "Old Crow," accompanied by the picture of a crow, is not of sufficient similarity to a trademark consisting of the representation of a jay bird preched on the branches of a tree, and having upon each side the words "Old J.," and, underneath, the words "Old Jay Rye,"—the jay as represented being utterly different in appearance from a crow,—to confuse the public or mislead purchasers exercising ordinary care.

2. The owner of a trademark who opposes registration in the Patent Office of another's trademark, under the trademark act of Congress of February 20, 1905, cannot be heard to question the constitutionality of that act. (Following *Gaines* v. *Knecht, ante,* 530.)

No. 350.  Patent Appeals.  Submitted March 20, 1906.  Decided June 5, 1906.

HEARING on an appeal from a decision of the Commissioner of Patents by opponents of an application for registration of a trademark.                                    *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. James L. Hopkins* and *Mr. John S. Barker* for the appellants.

Mr. Chief Justice Shepard delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents on an opposition made by the appellant to the registration of a trademark applied for by the appellee.

On April 13, 1905, the appellee, the Carlton Importation Company, filed an application for the registration of a trademark consisting of the representation of a jay bird perched on the branch of a tree, having upon each side the words "Old J.," and, underneath, the words "Old Jay Rye."

Notice was given of the application by publication, as required by law, and the appellant, W. A. Gaines & Company, a corporation, filed notice of opposition to the registration applied for, on the ground that it is the owner of a mark which so nearly resembles that of the applicant that confusion is likely to result to its damage. In the notice of opposition, appellant is represented as the "sole and exclusive owner" of a trademark for whisky, consisting of the words "Old Crow," accompanied by the picture of a crow.

The opposition was dismissed, upon demurrer, by the Examiner of Interferences, and on appeal to the Commissioner his decision was affirmed.

We entirely agree with the Commissioner, and adopt the reasons therefor given in his decision as follows:

"Both marks include the word 'old' and both include the representation of a bird, but there the similarity ends. The jay as disclosed in the application and in the specimens accompanying it is entirely different in appearance from a crow, and could by no possibility be mistaken therefor. The name 'jay' is entirely different in sound from 'crow' and suggests a different idea. If there is to be any confusion between the marks, it must be because of the association of the word 'old' with the name of 'bird.' I am satisfied, however, that this one point of similarity is not sufficient to confuse the public, nor to mislead purchasers exercising ordinary care."

Appellant has also attacked the constitutionality of the trademark act, approved February 20, 1905, under which this

opposition arose. The appellant is in no situation to raise this question in this proceeding, and we decline to consider it for the same reasons, substantially, given in the opinion delivered by Mr. Justice Stafford for this court, in the recent case of *Gaines* v. *Knecht, ante,* 530.

The decision of the Commissioner is affirmed, and this decision will be certified to him as required by law. It is so ordered.                                                                 *Affirmed.*